UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FLOYDALE ECKLES SR, <br><br> Plaintiff, <br><br> v. <br><br> PEGGY KINGSTON, DEPARTMENT OF CORRECTIONS, HARRISON MEDICAL CENTER, MARLANEA ASPDEN, <br><br> Defendant. | CASE NO. 3:17-CV-05492-RBL-DWC <br><br> ORDER TO AMEND |

Plaintiff Floydale Eckles, Sr., proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. On August 30, 2017, the Court directed Plaintiff to correct deficiencies contained in the Amended Complaint. Dkt. 10. Plaintiff filed a "Motion to Show Cause and Correct Errors in Courts Order" ("Response to Court Order") on September 25, 2017. Dkt. 11. The Court has reviewed Plaintiff's Response to Court Order and directs Plaintiff to file a second amended complaint on or before December 4, 2017.

**I.     Leave to Amend**

Plaintiff, who is incarcerated at Washington Corrections Center, alleges his HIPAA (Health Insurance Portability and Accountability Act of 1996) rights were violated when his

medical files from a visit to the Harrison Medical Center's emergency facility were provided to the Department of Corrections ("DOC"). Dkt. 8. Plaintiff also contends his privacy rights were violated when Defendant Kingston requested his medical records from Harrison Medical Center and sent the records to Defendant Aspden. *Id*.

On August 30, 2017, the Court found Plaintiff's Amended Complaint was deficient because: (1) HIPAA does not provide a private right of action; and (2) Plaintiff failed to allege Defendants' reason for accessing his medical records was improper. Dkt. 10. The Court directed Plaintiff to file a second amended complaint correcting the deficiencies contained in the Amended Complaint. *Id*.

Plaintiff did not file a second amended complaint; rather, he filed a Response to Court Order disputing the Court's Order and providing additional factual allegations to support his claims. Dkt. 11. Plaintiff's Response to Court Order is not a second amended complaint and the Court declines to incorporate the allegations contained in the Response to Court Order into the Amended Complaint. Therefore, Plaintiff is again directed to file a second amended complaint.

**II.     Notice of Deficiencies**

The Court finds it appropriate to once more notify Plaintiff of the deficiencies of his Amended Complaint.

A. HIPAA Violation

In his Amended Complaint, Plaintiff alleges Defendants violated his rights under HIPAA. Dkt. 8. The Ninth Circuit has definitively declared "HIPAA itself provides no private right of action." *Garmon v. County of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016) (quoting *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007)). Other circuits have explicitly found that HIPAA cannot be enforced through Section 1983. *Adams v. Eureka Fire*

*Prot. Dist.*, 352 Fed. Appx. 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action"); *Sneed v. Pan Am Hosp.*, 370 Fed. Appx. 47, 50 (11th Cir. 2010) ("We decline to hold that HIPAA creates a private cause of action or rights that are enforceable through § 1983"). As HIPAA does not provide a private right of action, the Court concludes Plaintiff has failed to state a claim upon which relief can be granted. *See Davenport v. Richards*, 2008 WL 2678371, *3 (W.D. Wash. June 30, 2008) (finding the plaintiff's claims relied solely on alleged violations of HIPAA, and because HIPAA provides no private right of action, the claims must be dismissed).

B. Violation of Privacy Rights

Plaintiff states his constitutional right to privacy was violated when his medical records were disclosed to DOC correctional officers, Defendants Kingston and Aspden. Dkt. 8. The Ninth Circuit has found "[p]risons need access to prisoners' medical records to protect prison staff and other prisoners from communicable diseases and violence, and to manage rehabilitative efforts." *Seaton v. Mayberg*, 610 F.3d 530, 535 (9th Cir. 2010). Here, Plaintiff alleges Defendant Kingston requested Plaintiff's medical records after he was arrested and placed in the Kitsap Jail. Dkt. 8. It is reasonable Defendants would need Plaintiff's medical records, medical history, and prescribed medications to continue Plaintiff's care and protect prison staff and other prisoners when Plaintiff entered the Kitsap Jail. Plaintiff has not alleged facts showing Defendants' reason for requesting the medical records violated his rights. Therefore, Plaintiff has failed to state a right to privacy claim because Defendants requested his medical records after he was placed in the Kitsap Jail. *See Seaton*, 610 F.3d at 534 ("prisoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them").

C. <u>Improper Defendants</u>

The Court also notes the DOC and Harrison Medical Center are not proper Defendants in this action. Section 1983 applies to the actions of "persons" acting under the color of state law. The DOC, as an arm of the state of Washington, is not a "person" for purposes of a § 1983 civil rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Therefore, the DOC is a state agency which cannot be sued under § 1983. Plaintiff also does not allege facts showing Harrison Medical Center was a state actor, acting under color of state law. Dkt. 8. As such, Harrison Medical Center cannot be liable under § 1983. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (to state a claim under § 1983, a plaintiff must show the constitutional violation was proximately caused by a person acting under color of state law).

### III. Instructions to Plaintiff and Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a second amended complaint and within the second amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original or amended complaint by reference. The amended complaint will act as a complete substitute for the Amended Complaint, and not as a supplement. Any cause of action

alleged in the original or amended complaint that is not alleged in the second amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). The Court will screen the second amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the second amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file a second amended complaint adequately addressing the issues raised herein on or before December 4, 2017, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 2nd day of November, 2017.

David W. Christel
United States Magistrate Judge