UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FLOYDALE ECKLES SR,<br><br>    Plaintiff,<br><br>    v.<br><br>PEGGY KINGSTON, DEPARTMENT OF CORRECTIONS, HARRISON MEDICAL CENTER, MARLANEA ASPDEN,<br><br>    Defendants. | CASE NO. 3:17-CV-05492-RBL-DWC<br><br>ORDER |

    Plaintiff Floydale Eckles, Sr., proceeding *pro se* and *in forma pauperis*, initiated this civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. 1-1. On August 30, 2017, the Court directed Plaintiff to correct deficiencies contained in his Amended Complaint. Dkt. 10. Plaintiff filed a "Motion to Show Cause and Correct Errors in Courts Order" ("Response to Court Order") on September 25, 2017. Dkt. 11. The Court reviewed Plaintiff's Response to Court Order and directed Plaintiff to file a second amended complaint on or before December 4, 2017. Dkt. 13. Because Plaintiff was transferred to Snohomish County Jail ("the Jail"), the Court granted Plaintiff an extension to time, until February 5, 2018, to file a second amended complaint. Dkt.

15. Plaintiff has now filed a letter ("Motion") requesting the Court stay this matter and provide him with Court-appointed counsel. Dkt. 16.

**I.       Extension of Time**

Plaintiff first requests a stay of this case because he is being denied access to the law library at the Jail. Dkt. 16. He states he does not know when he will be transferred from the Jail and would like to stay his case until he has been transferred. *Id*. Plaintiff states his lack of access to the law library significantly hinders his ability to research information, locate case law to support his arguments, and adequately address the deficiencies in his case. *Id*.

Here, Plaintiff has not filed a complaint that the Court finds sufficiently states a claim upon which relief can be granted. *See* Dkt. 5, 10, 13. Plaintiff has been directed to file a second amended complaint. *See* Dkt. 13. In the second amended complaint, Plaintiff should provide facts to support his claims and reference which constitutional rights he believes were violated. Plaintiff should not provide legal arguments or citations. As Plaintiff should not provide legal arguments or cite to case law in the second amended complaint, Plaintiff has not shown he is required to have access to the law library to file the second amended complaint. Therefore, the Court finds Plaintiff has not shown a stay is necessary at this time. The Court, however, finds it is appropriate to grant Plaintiff additional time to file his second amended complaint. Plaintiff must file his second amended complaint on or before March 9, 2018.

**II.      Court-appointed Counsel**

Plaintiff also provides one sentencing requesting the Court provide him with legal representation because he is unfit to handle his case. Dkt. 16. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment

of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the Motion, Plaintiff states he is unfit to handle this case. Dkt. 16. Plaintiff, however, does not explain how or why he is unfit to handle this case. *See id*. Furthermore, he has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court, nor has he shown he is likely to succeed on the merits of this case. Additionally, if Plaintiff is seeking counsel because of his alleged lack of access to the law library at the Jail, "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many *pro se* litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). Accordingly, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time.

**III. Conclusion**

After review of Plaintiff's Motion, the Motion is granted-in-part and denied-in-part as follows: Plaintiff's request for a stay is denied; however, Plaintiff shall have up to and including March 9, 2018 to file a second amended complaint. Plaintiff's request for Court-appointed counsel is denied.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 29th day of January, 2018.

David W. Christel
United States Magistrate Judge