UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FLOYDALE ECKLES SR,

    Plaintiff,

v.

PEGGY KINGSTON, DEPARTMENT OF CORRECTIONS, HARRISON MEDICAL CENTER, MARLANEA ASPDEN,

    Defendants.

CASE NO. 3:17-CV-05492-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: March 16, 2018

Plaintiff Floydale Eckles, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915A, the Court concludes Plaintiff has failed to state a claim for which relief can be granted as to Defendant Harrison Medical Center. Accordingly, the Court recommends the Harrison Medical Center be dismissed.

**I. Background**

Plaintiff, who is housed at the Snohomish County Corrections Facility ("Corrections Facility"), alleges his constitutional rights were violated when his private medical records were

REPORT AND RECOMMENDATION - 1

requested from Harrison Medical Center by employees of the Washington State Department of Corrections. Dkt. 18. Plaintiff contends Harrison Medical Center released his records without his permission. *Id*.

On July 14, 2017, the Court screened Plaintiff's Complaint and found it was deficient. *See* Dkt. 5. The Court ordered Plaintiff to correct the deficiencies by August 14, 2017. *Id.* Plaintiff filed his Amended Complaint on August 16, 2017. Dkt. 8. The Court screened the Amended Complaint and determined Plaintiff had failed to state a claim for which relief could be granted. Dkt. 10. The Court notified Plaintiff of the deficiencies in the Amended Complaint and directed Plaintiff to file a second amended complaint on or before March 9, 2018. *Id*.; Dkt. 13.[1] On February 12, 2018, Plaintiff filed the Second Amended Complaint. Dkt. 18.

**II. Discussion**

A.  Failure to State a Claim

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

---

[1] After the Court directed Plaintiff to correct the deficiencies in his Amended Complaint, he filed a "Motion to Show Cause." Dkt. 11. The Court interpreted Plaintiff's Motion as a response to the Court's order to amend and directed Plaintiff to file the second amended complaint. Dkt. 13. The Court also granted Plaintiff an extension of time to file the second amended complaint. *See* Dkt. 17.

the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Importantly, to state a claim for relief under § 1983, Plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived [him] of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Here, Plaintiff is suing the Harrison Medical Center. Dkt. 22. Private hospitals are not state actors and cannot be sued under § 1983. *See Briley v. State of California*, 564 F.2d 849, 855-56 (9th Cir. 1977) (noting the Ninth Circuit has consistently dismissed private hospitals from § 1983 actions "for failing to come within the color of state law requirement"); *Rojas v. Johnson*, 2017 WL 4245728, *3 (S.D. Cal. Sept. 25, 2017). Plaintiff does not allege he was in custody when he was treated by Harrison Medical Center or that Harrison Medical Center contracted directly with the state or municipality to provide medical services to Plaintiff. Therefore, Plaintiff has failed to allege Harrison Medical Center was acting under color of state law. Accordingly, Plaintiff has failed to state a claim against Harrison Medical Center.

B.  Leave to Amend

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). The Court finds Plaintiff has failed to allege facts sufficient to show Harrison Medical Center is

liable under § 1983. The Court finds Plaintiff cannot overcome the deficiencies of his claim against Harrison Medical Center. Further, the Court previously notified Plaintiff that Harrison Medical Center is not a "person" acting under color of state law. *See* Dkt. 13. As Plaintiff has been given leave to amend on two occasions and has been instructed regarding the deficiencies of his claim against Harrison Medical Center, the Court recommends Plaintiff not be given leave to again amend the claim against Harrison Medical Center. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

### III. Conclusion

For the above stated reasons, the undersigned recommends Harrison Medical Center be dismissed without prejudice for failure to state a claim. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 16, 2018, as noted in the caption.

Dated this 28th day of February, 2018.

David W. Christel
United States Magistrate Judge